**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **George Rafidi,** ) | **CASE NO. 4: 23 CV 71** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **United States of America,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |

**Introduction and Background**

*Pro se* petitioner George Rafidi filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 purportedly challenging his 2015 criminal conviction.

According to the petition, in 2015, a jury found Petitioner guilty of one count of aggravated assault in violation of 18 U.S.C. § 111 and one count of possession of a firearm in furtherance of a felony in violation of 18 U.S.C. § 924(c). The Court sentenced Petitioner to 94 months in prison. Petitioner states that he had previously filed numerous petitions and motions.

Petitioner now files this petition claiming actual innocence. In support, Petitioner alleges that law enforcement officers presented false testimony, and the use of a 3-D FARO scan would have contradicted witness testimony and "made an impact on the jury." (Doc. No. 1 at 6, 7). He also appears to allege that a juror was sleeping through the trial. (*Id.* at 8, 9).

Petitioner seeks relief from his conviction, or alternatively, a new trial. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is granted, but for the reasons stated below, his petition is denied and this action is dismissed.

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**Discussion**

Generally, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served' those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a Section 2241 petition when his attempts to obtain relief under Section 2255 are unsuccessful. *Id.* A prisoner may, therefore, not use Section 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion. *See Fuentes v. Sepanek*, No. 13-170-HRW, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing § 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

The "savings clause" of Section 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a Section 2241 petition. In the Sixth Circuit, a prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which the petitioner was convicted, and by this interpretation excludes the petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 803-804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of Section 2255 and proceed under Section 2241"). Even under these circumstances, the petitioner must demonstrate that the remedy afforded by Section 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Martin*, 319 F.3d at 803. The Section 2255 remedy is not considered "inadequate or ineffective" simply because Section 2255 relief has already been denied, the petitioner is procedurally barred from pursuing relief under Section 2255 because he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing

law, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756 (citations omitted). Further, a federal prisoner cannot bring a claim of actual innocence in a Section 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Here, Petitioner is clearly challenging his conviction in this petition. Yet, he has not met the Sixth Circuit's requirements for demonstrating an actual innocence claim. He has not identified a retroactively applicable Supreme Court decision which would afford him relief from his conviction or sentence. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (establishing a claim of actual innocence based on a new rule of law made retroactive by the United States Supreme Court). Nor has he demonstrated that he had no reasonable opportunity to raise his claim earlier. Petitioner may not use Section 2241 to get "a second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion.

### Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2243. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is granted. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 5/2/23

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court
Chief Judge